RIEMER & ASSOCIATES, LLC
Attorneys for Plaintiff
Office and Post Office Address
60 East 42nd Street, Suite 2430
New York, New York 10165
(212) 297-0700

DALEY, DEBOFSKY & BRYANT
Attorneys for Plaintiff
Office and Post Office Address
55 West Monroe Street, Suite 2440
Chicago, Illinois 60606
(312) 372-5200

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
MICHAEL COHN,                            )   No.
                                         )
            Plaintiff,                   )   COMPLAINT
                                         )
       v.                                )
                                         )
METROPOLITAN LIFE INSURANCE              )
COMPANY, CITIGROUP SHORT TERM            )
DISABILITY PLAN and CITIGROUP LONG       )
TERM DISABILITY PLAN,                    )
                                         )
            Defendants.                  )
-----------------------------------------------------------x

Now comes the plaintiff, MICHAEL COHN, by his attorneys, Scott M. Riemer and Mark D. DeBofsky appearing pro hac vice, and complaining against defendants, he alleges:

   1.   This is an action arising under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, *et. seq.*, seeking to recover benefits due under an employee benefit plan, to clarify the rights of plaintiff to future benefits under such plan, and to recover attorney fees and costs.

2. This Court has subject matter jurisdiction pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331. Under Section 502(f) of ERISA, 29 U.S.C. §1132(f), this Court also has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

3. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), in that the Plan as hereinafter defined is administered in this district and the defendant resides or may be found in this district.

4. At all relevant times, plaintiff was and is a participant within the meaning of Section 3(7) of ERISA, 29 U.S.C. §1002(7), in the Citigroup Short Term Disability Plan and the Citigroup Long Term Disability Plan (together the "Plan") for the benefit of employees of Citigroup Inc.

5. At all relevant times, the Plan is and has been an "employee welfare benefit plan" within the meaning of Section 3(1) of ERISA, 29 U.S.C. §1002(1).

6. At all relevant times, Metropolitan Life Insurance Company ("MetLife") is and has been acting as the de facto plan administrator as defined by ERISA §3(16)(A), although it is not specifically named as the plan administrator or as a named fiduciary of the Plan.

7. The benefits under the Plan were furnished in accordance with and pursuant to Group Policy No. 1137000-2-G issued by MetLife and in effect at all times relevant hereto in consideration of premiums paid by the plaintiff. A true and correct copy of the foregoing policy is attached hereto and by that reference incorporated herein as Exhibit "A."

8. From May 1997 until April 13, 2006, Plaintiff was employed as a stock options floor trader for an organization that ultimately became part of Citigroup Inc..

9. As an employee of Citigroup Inc., plaintiff was provided with both short term and long term disability insurance coverage under the Plan.

10. On April 13, 2006, plaintiff was rendered totally disabled within the meaning of the Plan due to severe foot, ankle, leg, hip, and knee pain which precluded him from standing.

11. Plaintiff applied for disability benefits under the Plan. The Plan, through its third-party administrator, MetLife granted plaintiff short-term disability benefits until June 11, 2006, but did not pay short-term disability benefits for the remainder of the 13 week period of short-term disability benefits permitted; nor were long-term disability benefits paid.

12. Plaintiff submitted a timely appeal of MetLife's denial supported by voluminous medical records from an independent medical examination conducted by a neurologist/pain specialist, records and reports from other physicians who had examined Cohn and concluded he was unable to perform his job duties, and by records relating to a successful claim for disability benefits from another insurer that utilized a definition of disability comparable to the Plan's definition.

13. Although MetLife had a contractual right to have Cohn examined, MetLife never arranged for or even requested an independent medical examination and relied solely on a non-examining consulting physician who is frequently retained by

MetLife and other insurers who is known to give opinions supporting the denial of benefits. By letter dated January 19, 2007, MetLife denied plaintiff's final appeal.

14. Plaintiff has complied with and exhausted all administrative appeals under the Plan.

## COUNT I

15. Under the terms of the Plan, a disabled participant is entitled to a benefit equal to his base salary during the short-term disability period ($10,000 per month); and commencing after the completion of thirteen weeks from the onset of disability, a monthly benefit equal to 60% of the first $500,000 of pre-disability earnings, which included both salary and bonus (Plan at 12). Because of Cohn's reported earnings, he was eligible to receive a long term disability benefit of $17,175/month as a participant in the Class III group under the policy.

16. From April 13, 2006, plaintiff has been totally disabled within the meaning of the short-term and long-term disability Plans which define disability as follows:

### Short Term

STD benefits are payable if you incur a total disability while actively employed. A 'total disability' is defined as a serious health condition, pregnancy, or injury that results in your inability to perform the essential duties of your regular occupation for more than seven consecutive calendar days.

### Long Term

"Disabled" or "Disability" means that, due to sickness, pregnancy or accidental injury, you are receiving Appropriate Care and Treatment from a Doctor on a continuing basis; and

1. During the Elimination Period you are Totally Disabled;

2.  after your Elimination Period, you are unable to earn more than 80% of your Predisability Earnings at your Own Occupation from any employer in your Local Economy.

Plan at 10.

17.  From April 13, 2006, plaintiff has not worked and has had no earnings.

18.  MetLife's determination that plaintiff is not totally disabled within the meaning of the Plan is contrary to the terms of the Plan, contrary to the medical evidence, unreasonable, and, under any standard, arbitrary and capricious.

19.  Upon information and belief, MetLife was, at all times relevant hereto, acting under a conflict of interest.

20.  Upon information and belief, MetLife's determination of plaintiff's claim for benefits was affected by its conflict of interest.

21.  Under Section 502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B), plaintiff is entitled to recover disability benefits under the Plan that have not been paid to date and those that will become due in the future so long as he continues to meet the plan's terms and conditions.

## COUNT II

22.  Plaintiff repeats and realleges the allegations of paragraphs 1 through 21 above.

23.  By reason of MetLife's failure to pay plaintiff long term disability benefits as due under the terms of the Plan, plaintiff has been forced to retain attorneys to recover such benefits, for which plaintiff has and will continue to incur attorney's fees.

Plaintiff is entitled to recover reasonable attorney's fees and the costs of this action, pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. §1132(g)(1).

## JURY DEMAND

24. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff demands trial by jury of all issues so triable.

WHEREFORE, plaintiff demands judgment against MetLife:

A. For the amount of all long term disability benefits due under the terms of the Plan that have not been paid, together with interest thereon;

B. Clarifying and declaring that the Plan is obligated to pay plaintiff long term disability benefits in the future as required by the Plan;

C. For the costs of this action and plaintiff's attorney's fees, pursuant to Section 502(g) of ERISA, 29 U.S.C. §1132(g); and

D. For such other and further relief as may be deemed just and proper by the Court.

Dated: New York, New York
       February 7, 2007

                    RIEMER & ASSOCIATES, LLC
                    Attorneys for Plaintiff
                    60 East 42nd Street, Suite 2430
                    New York, New York 10165
                    (212) 297-0700

                    By:_____
                          Scott M. Riemer (SR5005)