UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
                                                                        :
**MICHAEL COHN,**                                                       :
                                                                        :
                    **Plaintiff,**           :
                                                                        :    **07 Civ. 0928 (HB)**
        - against -                                                 :
                                                                        :    <u>**OPINION & ORDER**</u>
**METROPOLITAN LIFE INSURANCE, CO.,**                                   :
**CITIGROUP SHORT TERM DISABILITY PLAN,**                               :
**AND CITIGROUP LONG TERM DISABILITY PLAN,**                            :
                                                                        :
                    **Defendants.**         :
                                                                        :
------------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge:**

       This is an action to recover employee disability benefits under the Employee Retirement Income Securities Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq*. Metropolitan Life Insurance Co. ("MetLife"), Citigroup Short Term Disability Plan ("STD Plan") and Citigroup Long Term Disability Plan ("LTD Plan") (collectively "Defendants") move this Court to transfer venue of this action from the Southern District of New York to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a). For the reasons stated below, this motion is DENIED.

### I.   FACTUAL BACKGROUND

       Plaintiff Michael Cohn ("Cohn" or "Plaintiff") filed this suit in conjunction with his claim to recover disability benefits under employee benefit plans governed by ERISA. Plaintiff Cohn is a resident of Highland Park, Illinois and worked as a stock options floor trader for Citigroup or its subsidiary from May 1997 through April 13, 2006. Compl. ¶ 8. As a Citigroup employee, he was provided with both short-term and long-term disability insurance coverage. Plaintiff alleges that on April 13, 2006, he became totally disabled due to severe foot, ankle, leg, hip, and knee pain which precluded him from standing. Thereafter, Plaintiff applied for disability benefits. Id. at ¶ 11. MetLife, Citigroup's third-party Plan administrator (STD and LTD Plans), granted short-term disability benefits from April 13 through June 11, 2006, but did not pay short-term disability benefits for the remaining thirteen weeks allowable under the STD Plan or long-term disability payments. Id. Plaintiff appealed MetLife's denial of benefits and, by letter dated January 19, 2007, MetLife denied Cohn's appeal. Plaintiff filed here on February 8,

2007. On April 16, 2007, Defendants filed a motion to transfer venue to the Northern District of Illinois pursuant to 28 U.S.C.§ 1404. I heard oral argument on May 17, 2007.

## II.  STANDARD OF REVIEW

Courts have broad discretion to transfer an action "[f]or the convenience of parties and witnesses [and] in the interests of justice. . . to any other district or division where [a civil action] might have been brought." 28 U.S.C.§ 1404(a). *See Van Dusen v. Barrack,* 376 U.S. 612, 618 (1964) (courts should transfer cases to "prevent the waste[] of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense") (citations and internal quotations omitted); *Filmline (Cross-Country) Productions, Inc. v. United Artists Corp.*, 865 F.2d 513, 520 (2d Cir. 1989) ("The determination whether to grant a change of venue requires a balancing of conveniences, which is left to the sound discretion of the district court.") (citations omitted).

A two-step inquiry is required. The court must establish whether the case could have been filed in the transferee district and if so, determine whether the convenience and the interests of justice favor transfer. *See, e.g., Fuji Photo Film Co., Ltd. v. Lexar Media, Inc.*, 415 F. Supp. 2d 370, 373 (S.D.N.Y. 2006). Courts consider the following in making this determination: (1) plaintiff's choice of forum, (2) location of operative facts, (3) convenience of parties and witnesses, (4) location of documents and ease of access to sources of proof, (5) relative means of the parties, (6) forum's familiarity with the governing law, (7) trial efficiency, and (8) the interests of justice. Id.  No single factor is determinative. *See Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 561 (S.D.N.Y. 2000); *see also Red Bull Associates v. Best Western Int'l*, 862 F.2d 963, 967 (2d Cir. 1988) (stating that district courts have "considerable discretion to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'"). The movant bears the burden of demonstrating that transfer is appropriate. *Habrout v. City of New York*, 143 F. Supp. 2d 399, 401 (S.D.N.Y. 2001); s*ee, e.g., Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir. 1978).

## III.  DISCUSSION

Defendants argue that transfer to the Northern District of Illinois is appropriate because (1) the action could originally have been brought in that district; (2) it would be more convenient for the parties and the witnesses; and (3) transfer would be in the interests of justice.

### a. Proper Transferee Forum

As a preliminary matter, the Plaintiff does not dispute that this action could have been brought in the Northern District of Illinois. Tr. at 10:3-5; Pl's Opp. to Defs' Mot. to Transfer at 2. Thus, the critical inquiry is whether Defendants have carried their burden of establishing that a transfer of venue to the Northern District of Illinois is warranted for the convenience of the parties and in the interests of justice.

### b. Transfer Factors

#### (1) *Plaintiff's Choice of Forum*[1]

A plaintiff's choice of forum should not be altered "unless the balance of factors weighs strongly in favor of transfer," *Caville v. Malibu Toys, Inc.*, No. 03-CV-9727 (SAS), 2004 U.S. Dist. LEXIS 12514, *9 (S.D.N.Y. Jul. 7, 2004). While it was not argued, the Court must assume that having chosen this District, the Plaintiff wants to try his case here. Clearly, this District is not in the plaintiff's home state. *See Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.,* 127 S. Ct. 1184, 1191 (2007) ("When the plaintiff's choice is not its home forum . . . the presumption in the plaintiff's favor "applies with less force," for the assumption that the chosen forum is appropriate is in such cases "less reasonable.") (citation omitted); *Kiss My Face Corp. v. Bunting*, No. 02-CV-2645 (RCC), 2003 U.S. Dist. LEXIS 17096, 2003 WL 22244587, at *4 (S.D.N.Y. Sept. 30, 2003). The majority of the events giving rise to Plaintiff's Complaint took place in the Northern District of Illinois, not the Southern District of New York. *See, e.g., Harrison v. Samuel*, No. 05-CV-8914 (SAS), 2006 U.S. Dist. LEXIS 41856 (S.D.N.Y. Jun. 19, 2006) (finding little connection to the Southern District of New York with the exception of a meeting between the parties).

However, Plaintiff contends that the liberal language of ERISA's venue provision[2] warrants substantial deference be given to his choice of forum. *See, e.g., Kiley v. AchieveGlobal, Inc.*, No. 05-CV-1658 (RNC), 2006 U.S. Dist. LEXIS 59921, *14 (D. Conn. Aug. 24, 2006) ("I find that retaining venue in Connecticut would be in the interests of justice . . . ERISA embodies

---

[1] During oral argument Defendants' counsel suggested that Plaintiff's decision to file in this Court is an example of forum shopping. Tr. at 4:19-5:18. While I see no good reason why this suit was filed in this District, and Plaintiff could not provide me with one when asked, the record before me does not support Defendants' allegation.

[2] "Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the Plan is administered, where the breach took place, or where the Defendant resides or may be found . . . ." 29 U.S.C. § 1132(e)(2).

a policy of providing easy access to the federal courts for aggrieved participants in employee benefit plans."). Plaintiff alleges, and Defendants concede, that the Plan is administered in this District (Pl.'s Opp. to Defs' Mot. to Transfer at 4; Defs' Mem. in Supp. of Mot. to Transfer at 2), and the alleged breach occurred in Glastonbury, Connecticut, within this Circuit, because MetLife processed and denied Plaintiff's claim there. *See Seitz v. Board of Trustees of the Pension Plan of the N.Y. State Teamster Conf. Pension & Retirement Fund*, 953 F. Supp. 100, 102 (S.D.N.Y. 1997) (noting in venue analysis that alleged breach took place in Utica, New York, "because that is where all pension benefit claims are processed."). While Plaintiff's choice of forum is entitled to deference, there is, at best, a weak connection with this District; nonetheless, this factor tips slightly in Plaintiff's favor.

### (2) *Location of Operative Facts*

As noted above, "the place where the operative facts occurred is traditionally an important factor to be considered in deciding where a case should be tried. . . [and where] there is no material connection between this district and the operative facts . . . the interests of justice require the transfer of the action." *Weschler v. Macke Int'l Trade, Inc.*, No. 99-CV-5725 (AGS), 1999 WL 1261251, at *10 (S.D.N.Y. Dec. 27, 1999). Defendants argue that the locus of operative facts is Illinois because the Plaintiff lives in Illinois, worked in Chicago, received STD benefits under a plan sponsored and funded by Citigroup's Chicago office, and was treated for his alleged disability by doctors who for the most part reside in the Chicago area. Plaintiff argues that although he lived and worked in Illinois, many of the operative facts developed outside of Illinois—*e.g.,* MetLife consulted with an outside physician in Washington D.C., Plaintiff was treated by doctors in Arizona, and the plan sponsor, administrator and insured are all located within the Southern District of New York. Further, Plaintiff hired a well-known Chicago-based lawyer to assist him with his appeal. Tr. at 4:13-18.

To determine the locus of operative facts, "the court should look to the 'site of the events from which the claim arises.'" *Kiley v. AchieveGlobal, Inc.*, No. 05-CV-1658 (RNC), 2006 U.S. Dist. LEXIS 59921, *11-12 (D. Conn. Aug. 24, 2006) (citation omitted). In *Kiley*, an ERISA case for payment of severance benefits, Defendant, in part, moved to transfer the case from the District of Connecticut to the Middle District of Florida for the convenience of the parties and witnesses, and in the interests of justice. Although the motion was denied because Plaintiff's choice of forum was entitled to great deference, the court's analysis of the operative facts is

instructive.  The court found that although all key decisions regarding plaintiffs' employment were made in Florida, plaintiffs had worked and earned credit towards the severance benefits in Connecticut and therefore, the factor favored transfer albeit "only marginally."  *Id*.  The central inquiry in this instance, however, is not whether Defendants have some material connection to this District, but rather, whether the connection is material to this litigation.  See*, e.g., Malone v. Commonwealth Edison Co.*, 2 F. Supp. 2d 545, 546 n.1 (S.D.N.Y. 1998) ("While plaintiff alleges that ComEd 'does extensive banking and securities business in New York City' and that Local 15's parent union 'has offices and does extensive business in New York City,'. . . he does not contend that any of these alleged relationships pertain in any way to the substantive allegations of the Complaint.").  The fact that Citigroup and MetLife have their principal places of business in this District reminds me of the lines in *Laborers Local 100 & 397 Pension Fund v. Bausch & Lomb*:

> Although Plaintiffs correctly point out that Bausch & Lomb's stock is traded on the New York Stock Exchange ("NYSE"), which is located in the SDNY, and many of the analysts who follow Bausch & Lomb stock are located in New York City, these contacts don't do it. If they did, the SDNY would have even more business and every plaintiff that sued a NYSE firm could nestle in right here at 500 Pearl Street.

No. 06-CV-1942 (HB), 2006 U.S. Dist. LEXIS 36018, at *14-15 (S.D.N.Y. Jun. 5, 2006).  Thus, this factor favors transfer to the Northern District of Illinois.

### (3)     *Relative Convenience of the Parties*

Movant urges transfer to the Northern District of Illinois, and therefore, it is assumed to be a convenient forum.  As to the Plaintiff, while he seeks to travel to this District, the Court doubts the utility and practicality of this offer.  The gravamen of Plaintiff's case is that his work as a floor trader for Citigroup has rendered him "totally disabled. . . due to severe foot, ankle, leg, hip, and knee pain which precluded him from standing" (Compl. ¶10).  But once again, this is the choice Plaintiff made and should not be ignored absent a strong showing of inconvenience by the Defendants, which they have not done with respect to this factor.  Thus, this tips slightly in Plaintiff's favor.

### (4)     *Convenience to the Witnesses*

The convenience of both party and non-party witnesses is considered the single most important factor in the analysis of whether a transfer should be granted.  *See Laborers Local 100 & 397 Pension Fund*, 2006 U.S. Dist. LEXIS 36018, at *17; *Aerotel, Ltd. v. Sprint Corp.*, 100 F.

Supp.2d 189, 197 (S.D.N.Y. 2000). Defendants opine that of all witnesses who may be called to testify or offer evidence in this suit, not one is found in this District, and they will all be inconvenienced if the suit remains here. Unfortunately, as Plaintiff points out, Defendants have failed to identify any key witness and there is no proffer of any witness' testimony. *See GE Capital Corp. v. Titan Aviation, LLC*, No. 06-CV-4795 (LTS), 2007 U.S. Dist. LEXIS 3230, *22-24 (S.D.N.Y. Jan. 16, 2007) ("The moving party *must* supply an affidavit that contains detailed factual statements explaining why the motion should be granted, including information on the potential principal witnesses along with a general statement as to their testimony . . . Vague generalizations and failure to clearly specify the key witnesses to be called, along with a statement concerning the nature of their testimony, are insufficient basis upon which to grant a change of venue under § 1404(a).") (citation omitted) (emphasis added). Defendants, therefore, have not met their burden with respect to this factor.

Further, the proper inquiry here is not whether Illinois is a more convenient or appropriate forum, but whether this District presents a substantial burden to justify disruption of Plaintiff's choice of forum. Defendants concede that litigation in this District is not a burden:

> **Court**: The plaintiff is prepared to come here. That doesn't seem to upset him. Citigroup has control over the employer. What is it, other than you're trying to help me remove cases from my docket, for which I am always indebted, why is it that you think it's a burden to leave it here?
> **Mr. Marcus**: Well, your Honor, I don't know that it is a burden on – on the defendant. But I think it is improper.

Tr. at 7:9-16. Thus, Defendants have not met their burden here and this factor favors proceeding in this District, and this factor tips in Plaintiff's favor.

### *(5)   Location of Documents and Ease of Access to Sources of Proof*

This factor is not entitled to great weight under the facts of this case in this technological age. *See, e.g., Lynch v. Nat'l Prescription Adm'rs*, No. 03-CV-1303 (GBD), 2004 U.S. Dist. LEXIS 3134 (S.D.N.Y. Feb. 27, 2004) ("Courts have held that the location of documents factor is neutral 'in today's era of photocopying, fax machines and Federal Express.'") (internal quotation and citation omitted). Most of the evidence in this case appears to be documentary in nature, easily transferred to Illinois. *See, e.g., Paese v. Hartford Life and Accident Insur. Co.*, 449 F.3d 435, 439 (2d Cir. 2006) (noting that the case was decided on the administrative record after a bench trial). Further, it seems unlikely that this proof would be voluminous given the

focus on Mr. Cohn's individual disability claim. This factor is neutral.

### (6) *Forum's Familiarity with Governing Law*

This factor is also afforded little weight. Because this case arises under ERISA, a federal statute, both this Court and the courts of the Northern District of Illinois are well-versed in the governing law. *See Cerasoli*, 952 F. Supp. at 156 (noting that both the court *sub judice* and the transferee Florida district court are familiar with ERISA). This factor is neutral.

### (7) *Trial Efficiency and the Interests of Justice*

Defendants argue this Court should transfer this case to Illinois because this District will be unable to compel the testimony of relevant non-party witnesses since all witnesses are outside of the 100 mile radius. As Plaintiff rightly points out, this argument is unsustainable in the abstract. Defendants have not identified any specific non-party witnesses they may call who reside outside of the Court's subpoena power. Further, Defendants argue the interests of trial efficiency support transfer because of the Southern District's tremendous docket. While I applaud Defendants' recognition of the high volume of business in this District, there is no information before me to suggest that there is less traffic in the Northern District of Illinois. This factor is neutral.

## IV. CONCLUSION

On balance, Defendants have not met their burden to show the inconvenience of this District and, therefore, the Court will not interfere with Plaintiff's choice of forum. Defendants' Motion to Transfer is DENIED, and parties are instructed to submit a joint proposed pretrial scheduling order to the Court by Wednesday, June 6, 2007.

The Clerk of the Court is instructed to close this motion and remove it from my docket.

**IT IS SO ORDERED.**

New York, New York
May 31, 2007

_____
U.S.D.J.

7